# IN THE COURT OF APPEALS OF IOWA

No. 21-1368
Filed February 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LANCE WILLIAM KING,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter,

District Associate Judge.


        Lance King appeals after pleading guilty.  **APPEAL DISMISSED.**


        Stuart Hoover, East Dubuque, Illinois, for appellant.

        Brenna Bird, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., Chicchelly, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**CARR, Senior Judge.**

Lance King appeals after pleading guilty to possession of a depiction of a minor engaged in a prohibited sex act, in violation of Iowa Code section 728.12(3) (2021). King having failed to provide good cause to appeal, we dismiss.

The State charged King with knowingly possessing "a visual medium depicting a minor engaged in a prohibited sexual act.". King filed a written guilty plea that left the parties free to argue sentencing. King admitted that "[o]n or about February 18, 2021, I knowingly possessed a visual medium depicting a minor engaged in a prohibited sexual act." He agreed the minutes of testimony are "substantially true and correct" and that the court "may rely on the minutes of testimony for a further factual basis for my guilty plea." In addition, by initialing the paragraphs of the plea agreement King acknowledged, among other things:

> I understand that I have no absolute right to appeal a guilty plea. If I allege good cause and/or a defect in this plea proceeding, or improper denial of a motion in arrest of judgment, I have [thirty] days to file a written Application for Permission to Appeal and an Application to Authorize a Transcript to be Prepared at State Expense. The appellate courts will determine whether my application is granted or denied or under what conditions it will proceed, if any.
> . . .
> I understand that if I wish to challenge this plea of guilty, I must do so by filing a Motion in Arrest of Judgment at least five (5) days prior to the Court imposing sentence, but no more than 45 days from today's date. I understand that by asking the court to impose sentence immediately that I waive my right to challenge the plea of guilty which I have hereby entered.

On September 13, King appeared for sentencing and the district court accepted King's guilty plea as knowing, voluntary, and supported by a factual basis. The defense asked the court to grant a deferred judgment with probation; the State sought imposition of a two-year prison term. The court imposed a prison

term, suspended the sentence, and placed King on probation for twenty-four months.

On September 25, defense counsel filed a motion to withdraw. Two days later King personally filed a financial affidavit, application for appellate counsel, and a notice of appeal. On November 1, the supreme court sua sponte noted counsel's motion to withdraw was filed prior to King's notice of appeal and remanded the case for the district court's consideration of King's application for counsel. Appellate counsel was later appointed, and this appeal followed.[1]

King is required to show good cause to pursue an appeal after pleading guilty. *See* Iowa Code § 814.6(1)(a)(3). In *State v. Damme*, our supreme court interpreted "good cause" as meaning a "legally sufficient reason." 944 N.W.2d 98, 104–05 (Iowa 2020). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

King asserts there is an inadequate factual basis for his plea and he has established good cause to appeal because the written plea did not adequately advise him of the need to file a motion in arrest of judgement. Iowa Rule of Criminal Procedure 2.8(2)(d) requires the defendant to be informed "that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in

---

[1] The appellate defender was appointed but withdrew, as did another attorney. The third attorney appointed to represent King has filed a brief in support of the appeal.

Iowa Code section 814.6A(1) prohibits courts from considering pro se filings while the defendant is represented by counsel. However, in light of King's clear intent to appeal and the reasoning in *State v. Davis*, 969 N.W.2d 783, 787 (Iowa 2022), which the supreme court issued after the parties submitted their briefing, we grant King a delayed appeal.

a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." However, we do not require strict compliance with the rule's requirements; substantial compliance is sufficient. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). We conclude King was adequately advised of the need for a motion in arrest of judgment to seek an appeal and that he waived the right to file such a motion by seeking immediate sentencing. He has "not established good cause to invoke this court's appellate jurisdiction." *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021) ("Upon being properly advised of his right and the consequences for waiving that right, Tucker waived the right and proceeded to immediate sentencing. . . . Under the circumstances, the appellate courts cannot provide relief. Tucker has thus not established good cause to pursue his appeal as a matter of right."). King, like Tucker, having waived his right to file a motion in arrest of judgment, leaves us unable to provide him relief on appeal. Because we can provide no relief, he cannot establish good cause to appeal, and his appeal must be dismissed.

**APPEAL DISMISSED.**